UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RONALD MUOIO and BRENDA MUOIO,<br><br>Plaintiffs,<br><br>v.<br><br>LIVANOVA HOLDING USA, INC. and LIVANOVA USA, INC.,<br><br>Defendants. | C.A. No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant LivaNova USA, Inc. ("LivaNova USA"), on behalf of itself and LivaNova Holding USA, Inc. ("LivaNova Holding"),[1] hereby gives notice of the removal of this action from the Superior Court, Kent County, State of Rhode Island, to the United States District Court for the District of Rhode Island. The basis for removal is as follows:

1. On May 5, 2021, Plaintiffs Ronald Muoio and Brenda Muoio filed a Civil Complaint ("Complaint") against the Defendants in the Kent County Superior Court, State of Rhode Island, captioned and docketed as Ronald Muoio v. LivaNova Holding USA, Inc. et al., Civil Action KC-2021-0397 (the "State Court Action").

2. Plaintiffs served a Summons and Complaint on LivaNova on May 24, 2021.

**I. Defendants Have Satisfied The Procedural Requirements for Removal.**

3. Venue is proper because this Court embraces the Superior Court where Plaintiffs filed their complaint. 28 U.S.C. § 1441(a); 28 U.S.C. § 101.

---

[1] On June 28, 2019, LivaNova Holding USA, Inc. merged with and into LivaNova USA, Inc. Therefore, without waiving any objections, LivaNova USA removes this action on behalf of both LivaNova USA and LivaNova Holding as the surviving entity from its merger.

1

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within 30 days after receipt by LivaNova of the Complaint.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Kent County Superior Court Clerk and upon all parties.

6. As required by 28 U.S.C. § 1446(a), copies of the Complaint, summonses, other pleadings and orders and other materials received by LivaNova are attached hereto as **Exhibits A** and **B**, respectively.  Pursuant to Local Rule 81, within fourteen (14) days after the filing of this Notice of Removal, LivaNova will file attested copies of all records and proceedings, as well as all docket entries in the State Court Action.

7. By filing this Notice of Removal, LivaNova does not waive any objections or other defenses that are or may be available to them, including without limitation those related to personal jurisdiction.  *See Garden Homes, Inc. v. Mason*, 238 F.2d 651 (1st Cir. 1956) ("[I]t is well settled that after removal the federal court has the same power to determine whether or not there is jurisdiction over the defendant as the state court had.").  In fact, LivaNova specifically disputes that this Court can exercise personal jurisdiction over it.

## II. The Court Has Subject Matter Jurisdiction Under 28 U.S.C. § 1332.

8. Pursuant to 28 U.S.C. § 1441(a), this Court has jurisdiction over "[a]ny civil action brought in a State court which the district courts of the United States have original jurisdiction[.]"

9. This Court has original jurisdiction over this action on the basis of diversity of citizenship under 28 U.S.C. § 1332(a) because the amount in controversy in this matter reasonably exceeds $75,000 in damages and the parties are citizens of different states.

A. <u>The Amount in Controversy Exceeds $75,000.</u>

10. To establish jurisdiction under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000, exclusive of interest and costs.

11. Plaintiffs allege that the amount in controversy exceeds $10,000.00. Compl. ¶ 5.

12. Under 28 U.S.C. § 1446(c)(2)(A), the notice of removal may assert the amount in controversy whenever the case seeks a money judgment but does not demand a specific sum based on "State practice."

13. Rhode Island law prohibits an *ad damnum*. R.I. Gen. Laws § 9-1-30(a); *Hogan v. Wal-Mart Stores East, L.P.*, No. 13-603S, 2013 U.S. Dist. LEXIS 182702, at *9 (D.R.I. Nov. 27, 2013).

14. Furthermore, removal is proper if "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" $75,000 and plaintiffs are unable to demonstrate that there is a legal certainty that the claim is really for less than the jurisdictional amount. 28 U.S.C. § 1446(c)(2)(B); *Hogan*, 2013 U.S. Dist. LEXIS 182702, at *9-11.

15. The amount in controversy is measured by the damages that the plaintiff might recover, assuming that the allegations in the complaint are true. *Providence Piers, LLC v. SMM New England, Inc.*, No. 12-532-S, 2013 U.S. Dist. LEXIS 6438, at *11-12 (D.R.I. Jan. 16, 2013).

16. Here, Plaintiffs allege that Ronald Muoio underwent open-heart surgery, then had to undergo additional surgery that caused him physical injuries and loss of consortium to his wife Brenda Muoio. Compl. ¶¶ 8-21. Such allegations are sufficient to demonstrate by a preponderance of evidence that the amount in controversy exceeds $75,000.

17. For example, in *Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp. 2d 62, 65-66 (D.R.I. 2002), the court looked at the complaint's description of the "bodily injuries and psychological injuries" and the medical treatment. Despite the lack of any specific information

3

about the cost of treatment, the court concluded that the description in the pleading was sufficient was sufficient to establish by a preponderance of evidence that the amount in controversy exceeded $75,000.

18. One factor that was significant to the court in *Gabrielle* was "[t]he fact that [Plaintiffs] each allege that they are still disabled almost two years after the incident and that their disabilities will continue indefinitely into the future weighs heavily in favor of finding that the Complaints demonstrate that the amount in controversy reasonably exceeds $75,000.00." *Id.* at 65.

19. Similarly, here, Plaintiffs allege that Ronald Muoio underwent valve replacement surgery in July 2018 and almost three years later "continues on a daily basis to suffer pain and must restrict his physical activity as a result of the explant surgery and frozen diaphragm." Compl. ¶¶ 17, 20.

20. Therefore, the amount in controversy in this matter reasonably exceeds $75,000.00.

  B. <u>Diversity of Citizenship is Satisfied.</u>

21. Plaintiffs Ronald Muoio and Brenda Muoio are residents of Kent County, Rhode Island. Compl. ¶ 1.

22. For purposes of diversity, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

23. LivaNova USA, Inc. is incorporated in Delaware with its principal place of business located in Texas. *See* **Exhibit C** (true and accurate copies of LivaNova USA, Inc. and LivaNova Holding USA, Inc.'s registration summaries with the Rhode Island Secretary of State); *Presby Patent Trust v. Infiltrator Water Techs., LLC*, 2017 U.S. Dist. LEXIS 195709, at *14 n.5

(D. Me. Nov. 29, 2017) (taking judicial notice of defendant's state of incorporation).

Accordingly, LivaNova USA, Inc. is a citizen of Delaware and Texas.  *See* 28 U.S.C. § 1332(c)(1).[2]

24. Because there is complete diversity of citizenship between the Plaintiffs and Defendants, diversity of citizenship is satisfied.

Dated: June 14, 2021                    Respectfully submitted,

   LIVANOVA USA, INC., on behalf of itself and
   LIVANOVA HOLDING USA, INC.

   By its Attorney,

    */s/ Geoffrey M. Raux*
   Geoffrey M. Raux, R.I. Bar No. 9131
   FOLEY & LARDNER LLP
   111 Huntington Avenue
   Boston, MA 02199
   Tel: (617) 342-4000
   Fax: (617) 342-4001
   graux@foley.com

---

[2] Prior to the merger, LivaNova Holding USA, Inc. was also incorporated in Delaware with its principal place of business located in Texas.  *See* **Exhibit C**.

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system on June 14, 2021 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                                  */s/ Geoffrey M. Raux*
                                                  Geoffrey M. Raux