UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| RONALD MUOIO and BRENDA MUOIO, <br><br> Plaintiffs, <br><br> v. <br><br> LIVANOVA HOLDING USA, INC. and LIVANOVA USA, INC., <br><br> Defendants. | C.A. No. 1:21-cv-00258 |

## LIVANOVA USA, INC.'S MOTION TO DISMISS

Pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendant LivaNova USA, Inc. ("LivaNova USA")[1] hereby moves this court for an order dismissing all claims against LivaNova USA with prejudice. As explained more fully in the accompanying Memorandum in Support of the Motion to Dismiss, all claims should be dismissed against LivaNova USA with prejudice because (1) this Court may not exercise personal jurisdiction over LivaNova USA in this action, and (2) all of Plaintiffs' claims are preempted by the United States Food, Drug, and Cosmetic Act. To the extent any claim survives

---

[1] On July 1, 2019, LivaNova Holding USA, Inc. merged with and into LivaNova USA, Inc. Certificate of Ownership and Merger (attached hereto as Exhibit A); Decl. of Taylor Pollock ("Pollock Decl.") ¶ 10 (attached hereto as Exhibit B). As a result, under Delaware law, LivaNova Holding USA, Inc. ceased to exist as of that day and cannot be served process or be sued. Under Fed. R. Civ. P. 17(b)(2), a corporation's capacity to sue or be sued is determined by the law of the state under which it was organized. *Doucot v. IDS Scheer, Inc.*, 734 F. Supp. 2d 172, 182 (D. Mass. 2010); *In re Vento Dev. Corp.*, 560 F.2d 2, 4 n.3 (1st Cir. 1977) (citing language of Rule 17(b)). LivaNova Holding USA, Inc. was incorporated in Delaware, and so Delaware law applies. Ex. A; Pollock Decl. ¶ 9. Under Delaware law, "corporations exist only be legislative act. [Since] by statute, corporate existence is terminated on the date of merger . . . a corporation ceases to exist on merger for all purposes, *including service of process*, unless the legislature provides otherwise." *Doucot*, 734 F. Supp. 2d at 184 (emphasis added) (citing *Beals v. Washington Int'l, Inc.*, 386 A.2d 1156, 1161 (Del. Ch. 1978)). LivaNova USA, Inc. is the surviving entity following the merger. *See A.F. by and Through Fogel v. Sorin Grp. USA, Inc.*, 346 F. Supp. 3d 534, 545 (S.D.N.Y. 2018) (dismissing entity that had been merged into parent company and thereby ceased to exist under Delaware law).

preemption, the Complaint fails pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Dated: July 9, 2021

Respectfully submitted,

LIVANOVA USA, INC.,

By its Attorneys,

 */s/ Katy Koski*
Katy E. Koski, admitted *pro hac vice*
Geoffrey M. Raux, R.I. Bar No. 9131
Jennifer H. Wang, admitted *pro hac vice*
Lea G. James, admitted *pro hac vice*
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
Fax: (617) 342-4001
kkoski@foley.com
graux@foley.com
jwang@foley.com
ljames@foley.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system on July 9, 2021 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                      */s/ Katy Koski*
                                      Katy E. Koski